**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DAQUAN FLOYD**,                              **CASE NO.: 5:23-cv-00110**

    **Plaintiff,**

v.

**TOP NOTCH MOBILE HOME SERVICES, LLC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Daquan Floyd, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant, Top Notch Mobile Home Services, LLC., pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his Complaint, Plaintiff states as follows:

### Parties and Jurisdiction

2. Plaintiff resided in Lake County, Florida during his employment with Defendant.

3. Defendant is a mobile home services company headquartered in Lake County, Florida.

4. Defendant employed Plaintiff as a manual laborer in Lake County, Florida.

5. In addition to Florida, Defendant operates in Oklahoma and Texas.

6. Defendant hired and supervised Plaintiff in Lake County, Florida.

7. Defendant suffered and permitted Plaintiff to travel from Florida to Oklahoma to perform manual labor on behalf of Defendant.

8. All events giving rise to this action occurred in Lake County, Florida and Manatee County, Florida.

Facts

9. Plaintiff was employed by Defendant as a manual laborer from approximately March 23, 2022, until approximately November 29, 2022.

10. As manual laborer, Plaintiff's primary duties demolishing and renovating mobile homes.

11. Defendant paid Plaintiff on an hourly basis.

12. Plaintiff regularly worked more than 40 hours per workweek while employed by Defendant.

13. Plaintiff routinely traveled along highways and byways at the request and behest of Defendant in the performance of Plaintiff's regular job functions.

14. Plaintiff traveled from Florida to Oklahoma at Defendant's specific request and behest in the performance of Plaintiff's regular job duties.

15. Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee. " 29 U.S.C. § 203(d).

16. Defendant suffered and permitted Plaintiff to work when it directly assigned Plaintiff to work jobs on a daily or weekly basis.

17. During Plaintiff's employment with Defendant, Plaintiff worked exclusively for Defendant.

18. Defendant supplied Plaintiff with all necessary tools, equipment, and materials necessary to perform Plaintiff's job functions.

19. Defendant created Plaintiff's work schedules.

20. Defendant did not allow Plaintiff to take time off from work without prior approval.

21. Defendant controlled the manner in which Plaintiff performed his job duties.

22. At all times during Plaintiff's employment, Plaintiff was a non-exempt employee to be paid on an hourly basis and not subject to any overtime exemptions or exceptions.

23. While Plaintiff was employed by Defendant, it was common for Defendant to cause Plaintiff to work more than 40 hours per workweek.

24. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff at least one- and one-half times his regular rate for all hours worked beyond 40 in a single workweek while employed by Defendant. Defendant did so in an effort to extract work from Plaintiff without compensating Plaintiffs for the work provided.

25. Plaintiff often performed work for Defendant at a rate well below the appropriate overtime wage.

26. As of this date, Plaintiff still has not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage losses under the FLSA.

27. Plaintiff seeks full compensation, including unpaid overtime wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff one-and-one-half times his regular rate for all hours worked was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

28. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and

responsibilities that the involved the mobile home industry and required Plaintiffs to travel between Florida and Oklahoma at Defendant's specific request and behest.

29. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

30. The Court has jurisdiction over Plaintiffs' claims as material events transpired in Lake County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

31. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiffs' experience with Defendant, as well as the sheer size of Defendant's mobile home business, suggests that Defendant is a multi-million-dollar operation that has considerable expertise in the mobile home industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including equipment, tools, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

32. At all material times relevant to this action, Plaintiff in his capacity were waitresses and were individually covered by the FLSA. The very essence of Plaintiff's employment, including traveling is along highways and byways to perform work for Defendant, constitutes interstate commerce. Plaintiff also traveled to other states from Florida to work for Defendant which constitutes interstate commerce.

33. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

34. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during their employment.

35. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise amount owed to Plaintiff.

36. However, Plaintiff alleges that they routinely worked for Defendant at a rate less than the appropriate minimum wage.

37. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

## COUNT I – FLSA UNPAID OVERTIME WAGES

38. Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-37, above.

39. Plaintiff was employed by Defendant as a non-exempt employee Lake County, Florida.

40. Plaintiff worked for Defendant in Lake County, Florida.

41. Plaintiff regularly worked more than 40 hours in a single workweek during his employment with Defendant.

42. Plaintiff was entitled to be paid at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

43. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 a in a single workweek during his employment.

44. Plaintiff was damaged by Defendant's refusal to pay overtime wages to Plaintiff for all hours worked for Defendant.

45.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid overtime wages, liquidated damages, attorney's fees, and costs.

46.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages, liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 15th day of February, 2023.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com