UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DAQUAN FLOYD,**         Case No: 5:23-cv-00110-GAP-PRL

    **Plaintiff,**

v.

**TOP NOTCH MOBILE HOME SERVICES, LLC,**

    **Defendant.**

_____/

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Daquan Floyd ("Plaintiff"), and Defendant, Top Notch Mobile Home Services, LLC ("Top Notch") (Plaintiff and Defendant are referred to collectively herein as the "Parties"), move for entry of an Order: (1) approving the terms of the Settlement Agreement entered into by the Parties following arms-length settlement negotiations; (2) dismissing this case with prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just and proper. In support of this motion, the Parties state as follows:

## I.     FACTUAL BACKGROUND

On February 15, 2023, Plaintiff filed a single-count complaint ("Complaint") against Defendant alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, for alleged unpaid wages resulting from time spent working while off the clock. (Dkt. 1).

Defendant answered the Complaint March 9, 2023 (Dkt. 9) and served Plaintiff with evidence of payments for services on March 30, 2023.

Following settlement negotiations which were initiated on July 13, 2023, the Parties reached a settlement agreement to pay Plaintiff $4,000.

This matter involves a bona fide dispute as to whether and to what extent Plaintiff is entitled to damages. The Parties note that the terms of the Agreement were reached following negotiation by experienced counsel and will result in Plaintiff receiving an amount that is both fair and reasonable in light of the potential defenses available to Defendant.

The settlement terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement is fair and reasonable. The Parties therefore request this Court to approve the Settlement Agreement.

## II.  MEMORANDUM OF LAW

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. Id. at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; see also Watson v. Brinker Florida, Inc., 2021 WL 8201476, at *2 (M.D. Fla. Dec. 30, 2021) (Lambert, M.J.).

In deciding whether an FLSA resolution is fair and reasonable under Lynn's Foods, Florida district courts consider the following nonexclusive factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense, and expected duration of the litigation; (iii) the state of the proceedings and amount of discovery completed; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. See, e.g., Roman v. FSC Clearwater, LLC, No: 6:16-cv-969, 2017 WL 1653571, at *1-2 (M.D. Fla. Apr. 21, 2017), report and recommendation adopted by, 2017 WL 1552304 (M.D. Fla. May 1, 2017). When an FLSA settlement "reflects a reasonable compromise of the FLSA claims that are actually in dispute," the court may approve the settlement. Id. at *2. In

3

reviewing FLSA settlements, courts recognize that "[t]here is a strong presumption in favor of settlement." Id.; see also Watson, 2021 WL 8201476, at *2 (Magistrate Judge Lambert explaining that "[a] court should presume that a settlement is fair and reasonable") citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir 1977).

In addition to the foregoing factors, the Court "must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement 'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Singh v. PetersenDean Roofing and Solar Sys., Inc., No. 6:17-cv-1110, 2018 WL 3235572, at *2 (M.D. Fla. June 6, 2018) (Irick, M.J.), report and recommendation adopted as modified, 2018 WL 3219410 (M.D. Fla. July 2, 2018) (quoting Silva v. Miller, 307 F. App'x 349, 351-52 (11th Cir. 2009)). The parties may demonstrate the reasonableness of the attorney fees by "representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim." Id. (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Indeed, "[i]f the parties negotiated attorney's fees separately from the damages to be awarded to the plaintiff, which protects from 'conflict … taint[ing] the settlement,' then the court need not undertake a lodestar

4

review of the attorney's fees for reasonableness. Watson, 2021 WL 8201476, at *2 (quoting Bonetti, 715 F. Supp. 2d at 1228).

### III. ARGUMENT

The terms of the Parties' Settlement Agreement, which is attached hereto as **Exhibit 1**, plainly complies with these requirements. Here, Plaintiff negotiated, through counsel, settlement terms that result in him receiving payment as a result of his Complaint in light of Defendant's substantial defense; i.e. independent contractor.

Plaintiff's counsel and Defendant's counsel are experienced in wage and hour matters, and recognize settlement will prevent expensive, protracted, and uncertain litigation in this particularly complex matter. The Parties also note that the negotiations were at arm's length, and there has been no fraud or collusion in the settlement of this case. Moreover, although the Settlement Agreement provides for a full mutual release and an agreement that Plaintiff will not apply or seek re-employment or future employment with Defendant, Defendant provided Plaintiff with additional and seperate consideration for these additional terms by paying Plaintiff $1,000.00. This amount was agreed upon separately by the Parties and without compromise of Plaintiff's FLSA claims. Finally, the Parties agree that the amount for attorneys' fees and costs that Defendant will pay to Plaintiff is reasonable and was agreed upon without

regard to the amounts paid to Plaintiff. The Parties therefore respectfully submit that their settlement should be approved.

### IV.     CONCLUSION

In light of the contested issues presented in this case and the potentially protracted, complex and expensive litigation that lies ahead, the settlement terms represent a fair and equitable resolution of this matter.  The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice and directing the entry of final judgment; and (3) granting such further relief as the Court deems just and proper.

Respectfully submitted on this 24th day of August, 2023.

| | |
|---|---|
| /s/Nicole M. Blumenauer | /S/ Kyle J. Lee |
| NICOLE M. BLUMENAUER | Kyle J. Lee, Esq. |
| Florida Bar No. 119978 | FLBN: 105321 |
| Blumenauer & Blumenauer, P.A. | LEE LAW, PLLC |
| P.O. Box 15 | 1971 West Lumsden Road, Suite 303 |
| Minneola, FL 34755 | |
| Telephone: 352-404-6182 | Brandon, FL 33511 |
| nicole@blumenauerlaw.com | Telephone: (813) 343-2813 |
| Attorney for Defendant | Kyle@KyleLeeLaw.com |